State *v.* Walworth.

## STATE *v.* GEORGE W. WALWORTH.

*Criminal Law. Sheriff.* R. L. s. 4282. *Pleading.*

1. A count in an information under R. L. s. 4282, merely charging that a sheriff omitted and delayed to execute process, is bad on demurrer, in that there is no allegation that the person named in the process escaped and went at large.
2. PLEADING. DUPLICITY. A count is bad for duplicity that charges a sheriff with refusing to execute process, and with making a false return. But the allegations in this count were so defective that no offense was charged.

INFORMATION filed by the State's attorney for Bennington County, against the respondent, for a violation of his duty as deputy sheriff. Heard on demurrer, VEAZEY, J., presiding. Demurrer overruled.

The *State's Attorney*, for the State.

*M. B. Sheldon* and *J. C. Baker*, for respondent.

The opinion of the court was delivered by

ROYCE, CH. J. This is an information in two counts, to both of which the respondent demurred. The first count is evidently intended to charge an offense under sec. 4282 R. L. This section provides for the infliction of punishment by way of fine upon an officer authorized to serve process, who wilfully and corruptly *refuses* to execute a lawful process to him directed, and requiring him to apprehend or confine a person convicted or charged with an offense, or wilfully or corruptly *omits* or *delays* to execute such process, *by reason whereof such person escapes and goes at large.* There is no charge of *refusal* to execute process in this count. The charge is that the respondent did wilfully and corruptly *omit and delay* to execute it; but there is no allegation whatever that by reason of such omission and delay the person named in the process escaped and went at

large. This is a statutory crime, and the statute must be strictly followed. Its language is plain, and unless the words " by reason whereof such person escapes and goes at large " are to be treated as without any meaning or pertinency whatever, they mean that the offense denounced is not committed unless the result of the officer's refusal, omission, or delay, is the escape of the person against whom he holds process. The count being devoid of any allegation, formal or informal, of such result, is necessarily bad in substance, as it does not charge any offense under the statute.

The second count charges the same dereliction of duty as the first, and is fatally defective for the same reason. It also attempts to charge the respondent with making a false return of the warrant, which he omitted and delayed to serve. Of course if sufficient facts were alleged to make out both offenses, the count would be bad for duplicity. But it is not even alleged that the respondent *did* make a false return. The allegation is that he falsely and corruptly made *his* return, " as aforesaid "; and there is nothing in the count from which it could be gathered with any degree of certainty that the return, as recited, *was* false.

There are no allegations in either count upon which the information could stand under sec. 3851 R. L., and it evidently was not intended to charge any offense denounced by that section.

The information is seriously defective in other particulars, as will be apparent on reference to any work on criminal pleading; but we do not consider it necessary to discuss these elementary defects.

The judgment is reversed, information adjudged insufficient and quashed.